UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Keith Donald,<br><br>                    Plaintiff,<br><br>    v.<br><br>Chris Lee, et al.,<br><br>                    Defendants. | Case No. 2:25-cv-00064-RFB-BNW<br><br>**ORDER** |

Presently before the Court is pro se Plaintiff's motion for appointment of counsel (ECF No. 50), filed on May 6, 2025. No opposition has been filed.

**I.    BACKGROUND**

Plaintiff brings a lawsuit under 42 U.S.C. § 1983 against officials of the North Las Vegas Municipal Court for violating the First, Fourth, Fifth, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendment. Broadly, Plaintiff alleges he was not afforded due process of law from Case No. CR004082-23, a case involving his arrest for obstructing a police officer's duties and stalking. First, Plaintiff alleges that "a lacking record of conflict regarding his alleged victim of stalking" is in violation of the First Amendment. Next, he alleges he was falsely imprisoned and illegally stopped without probable cause in violation of the Fifth and Fourteenth Amendment. In addition, he alleges that the conditions of his pretrial supervision despite posting bond were in violation of the Eight Amendment. He alleges that the determination of incompetence in his case was a violation of the Thirteenth Amendment. Finally, he alleges ineffective assistance of counsel against all Defendants and the existence of a government conspiracy against him.

Also before the Court is a motion to dismiss by Defendants Chris Lee, Lawrence Phillips, Erin Tellez, Bianca Cardenas, Leslie Park, Kenneth Frizzel (ECF No. 22). Defendants Frizzle and Phillips filed separate motions to dismiss (ECF No. 30 and ECF No. 33, respectively). Plaintiff opposed those motions.

Now, Plaintiff requests a court-appointed attorney, arguing "exceptional circumstances" and "public interest ramifications." ECF No. 50.

## II.  ANALYSIS

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (section 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (section 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (section 1983 action). "A finding of exceptional circumstances requires (1) an evaluation of both the likelihood of success on the merits and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (section 1983 action)) (cleaned up); *see also Palmer*, 560 F.3d at 970; *$292,888.04 in U.S. Currency*, 54 F.3d at 569; *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (section 1983 claims). Appointment of counsel may be justified when proceedings will go forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

### A.  Likelihood of success

The first prong that must be analyzed is the likelihood of success on the merits. It is impossible to make this determination at this junction as motions to dismiss are pending (ECF No. 22, ECF No. 30, and ECF No. 33). In addition, Plaintiff has filed a motion to amend (ECF No. 57), with an accompanying 43-page proposed amended complaint, which Defendants can oppose no later than July 13, 2025. The analysis of that motion will likely impact the determination regarding his likelihood of success.

**B. Petitioner's ability to articulate his claims pro se**

Plaintiff does not articulate why the circumstances are exceptional, warranting appointment of counsel. It appears that some of the facts in the operative complaints are complex. But Plaintiff has been able to navigate the process thus far, filing both a complaint (ECF No. 7) and a motion to amend his complaint (ECF No. 37). In addition, he has been able to oppose the pending motions to dismiss. Thus, at this juncture, there is no evidence to suggest that Donald cannot articulate his claims pro se.

**III.  CONCLUSION**

The courts see hundreds of these requests, but unfortunately, Plaintiff has not sufficiently alleged "exceptional circumstances" at this juncture. **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 50) is DENIED without prejudice.

DATED: July 8, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE