**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Keith Donald,<br><br>              Plaintiff,<br><br>  v.<br><br>Chris Lee,<br><br>              Defendant. | Case No. 2:25-cv-00064-RFB-BNW-1<br><br>**ORDER** |

Before this Court are several motions filed by Plaintiff, who is proceeding pro se. ECF Nos. 57, 68, 70, 78, 82, 84, 88, 89, 90, and 93. This Court discusses each of these motions below.

**Writ of mandamus (ECF No. 57)**

Plaintiff seeks a writ of mandamus "directing the North Las Vegas Municipal Court and the Honorable Chris Lee to rule on pending motions to disqualify the presiding judge and to vacate Petitioner's plea agreement and underlying charges, and to stay all related proceedings pending adjudication of those motions." ECF Nos. 57 and 60. Plaintiff believes both 28 U.S.C. § 1361 or 28 U.S.C. § 1651 are proper statutory grounds for this relief. First, 28 U.S.C. § 1361 does not apply to the relief sought here. As to 28 U.S.C. § 1651, Plaintiff must seek this relief from the Ninth Circuit. *In re Kirkland*, 75 F.4th 1030 (9th Cir. 2023). Moreover, as explained by the district court at ECF No. 56, there are no proper grounds to interfere with an ongoing state court case. Thus, ECF No. 57 is denied.

**Dissolution of TRO (ECF No. 68)**

Plaintiff moves to dissolve a temporary restraining order issued by Judge Lee in state court. ECF No. 68. This Court denies ECF No. 68. As the district judge explained in a previous order,

> the relief requested in Plaintiff's Motion is squarely precluded under the doctrine of *Younger* abstention, which prohibits federal courts from granting relief that would interfere with an ongoing state criminal proceeding, absent extraordinary circumstances… The Court finds no such extraordinary circumstances exist here, and Plaintiff's request…is "the most offensive and intrusive action that a federal court can take with respect to a state proceeding."

1  ECF No. 56.

### Reconsideration of order (ECF No. 70)

Next is Plaintiff's motion to reconsider the withdrawal of counsel in the state court proceedings. ECF No. 70. ECF No. As explained above, this would amount to improper interference with a state criminal proceeding. *See also*, ECF No. 56.

### Clarification regarding notice of appeal (ECF No. 78)

Plaintiff also requests that this Court clarify the scope and judicial effect of the notice of appeal at ECF No. 69. ECF No. 78. This motion (ECF No. 78) is granted to the extent that the Court clarifies that the Ninth Circuit will decide which issues are subject to appeal and, in turn, what effect (if any) its decision will have on the underlying case.

### Motion to stay proceedings and discovery (ECF No. 82)

Plaintiff also filed a motion to stay proceedings and discovery. ECF No. 82. This Court has broad discretion regarding whether to issue a stay in a case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). First, as evidenced in this order, many of the reasons why Plaintiff believes a stay is necessary are now moot issues. In addition, a stay of the proceedings would result in the unnecessary delayed entry of an order on the pending motions to dismiss and to amend. Thus, the motion to stay the case is denied. As to the request to stay discovery, this Court finds Plaintiff has not shown good cause under Rule 26(c). *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). As a result, the request is denied.

### Evidentiary hearing under *Franks* (ECF No. 84)

Plaintiff seeks an evidentiary hearing on a *Franks* motion to "determine whether false statements, omissions, or unlawful surveillance techniques were used to fabricate probable cause or create the appearance of a criminal case through parallel construction." ECF No. 84. But Plaintiff cites no points and authorities that would allow him to request an evidentiary hearing in a § 1983 case to obtain discovery to use in his pending state court case. Thus, his motion is denied.

To the extent plaintiff seeks to compel any discovery that complies with Rule 26, he may do so by filing the appropriate motion. This request is denied.

**Motion to compel (ECF No. 88)**

Defendants represent that Plaintiff's motion to compel seeks to compel discovery of information that was never requested pursuant to Fed. R. Civ. P. 33, 34 or 36. Plaintiff is directed to propound discovery in conformity with these rules and, if the responses are not satisfactory, to meet and confer before re-filing this motion. The request is denied without prejudice.

**Motion for protective order (ECF Nos. 89 and 93)**

Plaintiff requests that this Court stay "all municipal court proceedings in CR004082-23 until this discovery is produced and reviewed." As explained above, there is no basis to interfere with the ongoing state case. This request is denied.

**Motion for expedited review of ECF Nos. 88 and 89 (ECF No. 90)**

This request is granted.

\*\*\*

Given the multitude of motions above, all filed in less than 30 days, this Court orders Plaintiff not to file any more duplicative motions. This Court will not interfere with the state court proceedings and will not entertain any discovery motions that (1) are filed without a proper meet and confer, (2) do not follow the Federal Rules of Civil Procedure, or (3) seek to solely further the parallel state court case and which are not relevant to this action. Failure to follow this order may result in sanctions, including the recommendation that the case be dismissed.[1]

**IT IS ORDERED** that ECF Nos. 57, 68, 70, 82, 84, 88, 89, 93, are **DENIED**.

**IT IS FURTHER ORDERED** that ECF Nos. 78 and 90 are **GRANTED**.

DATED: August 25, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court denies all requests from Defendants to impose sanctions. Having said that, Plaintiff is hereby warned that the court may not be as gracious in the future.