# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

KEITH DONALD,

   Plaintiff,

  v.

CHRIS LEE, *et al.*,

   Defendants.

Case No. 2:25-cv-00064-RFB-BNW

**ORDER**

This 42 U.S.C. § 1983 action is brought by *pro se* Plaintiff Keith Donald who alleges his civil rights were and are being violated in municipal court criminal proceedings. Before the Court for consideration is the Report and Recommendation ("R&R") of the Honorable Brenda Weksler, United States Magistrate Judge, dated September 23, 2025 (ECF No. 336). Also pending are various motions, including duplicative Motions asking the undersigned to recuse from this case pursuant to 28 U.S.C. § 455 (ECF Nos. 116, 120, 123), Motions related to Plaintiff seeking a Petition for Writ of Habeas Corpus and Writ of Mandamus (ECF Nos. 120, 123, 128, 181, 182, 216), and other miscellaneous Motions. For the reasons explained below, the Court adopts the R&R in full, dismisses certain Defendants from this action with prejudice, grants one final limited opportunity for Plaintiff to amend his complaint, and denies all other pending Motions as moot.

## I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

## II.   PROCEDURAL BACKGROUND

The Court recites the procedural history relevant to the instant Order.

### A.  Motions to Recuse

Plaintiff has filed two Motions to Recuse pursuant to 28 U.S.C. § 455 that appear to seek recusal of judges presiding over his criminal proceedings in state court. See ECF Nos. 116, 123.

### B.  Writ of Mandamus

On June 24, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order asking this Court to enjoin a June 30, 2025 hearing in the North Las Vegas Municipal Criminal Court proceedings arising from charges filed against him and his motion to vacate his *nolo contendere* plea. See ECF No. 56. On June 25, 2025, Plaintiff filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. §§ 1361, 1651, and Nevada Revised Statute 34.160, similarly asking this Court to intervene in Plaintiff's criminal proceedings before the North Las Vegas Municipal Court. ECF No. 57. On June 26, 2026, the Court denied the emergency motion, finding the relief was squarely precluded under the doctrine of Younger abstention. See ECF No. 56. On September 15, 2025, Plaintiff moved for a stay of all proceedings in this matter pending the resolution of his petition for writ of mandamus before the Nevada Supreme Court and a forthcoming petition for writ of certiorari before the United States Supreme Court. ECF Nos. 120, 128. On October 27, 2025, Plaintiff moved for a stay of proceedings again. ECF No. 179. On December 1, 2025, he filed another Petition for Writ of Mandamus. ECF No. 211. On January 7, 2026, he filed an emergency motion to stay his proceedings in municipal court. ECF No. 216.

### C.  Writ of Habeas Corpus

On September 24, 2025, Plaintiff filed a Petition for a Writ of Habeas Corpus, citing Nevada law, and asking the Court to intervene in his ongoing criminal proceedings in state court. See ECF No. 139. On October 28, 2025, he filed emergency motions seeking the same relief. ECF Nos. 181-82. On January 7, 2026, he filed a "protective" Petition for Writ of Habeas Corpus, this

- 2 -

time citing the federal habeas statute at 28 U.S.C. § 2254. ECF No. 215. In it he acknowledged his post-conviction proceedings in state court remained pending. See id. He simultaneously filed an emergency motion asking the Court to stay municipal court proceedings pending federal habeas and mandamus review. ECF No. 216. On February 4, 2026, Plaintiff filed a notice informing the Court his petition for writ of habeas corpus filed in state court was dismissed for lack of jurisdiction, and of his intent to appeal that decision in state court. ECF No. 219.

### D. Report and Recommendation

On September 23, 2025, Judge Weksler granted Plaintiff's (ECF No. 59) Motion to Amend his complaint, and Plaintiff's Second Amended Complaint (SAC) was filed. See ECF Nos. 136, 137. As a result, Defendants' (ECF Nos. 22, 30, 33) Motions to Dismiss the First Amended Complaint, and Motions for a hearing and ruling on those Motions (ECF Nos. 96, 98) became moot.

Judge Weksler also dismissed the SAC with limited leave to amend, due to its failure to comply with Federal Rules of Civil Procedure 8, 18, and 20. See ECF No. 136. Judge Weksler also recommended that Plaintiff not be given leave to amend as to Defendants Judge Chris Lee, Municipal Court Clerks Erin Tellez and Bianca Cardenas, Public Defenders Leslie Park, Kenneth Frizzell and Lawrence Philips, North Las Vegas Police Department, North Las Vegas City Attorneys, and North Las Vegas Community Corrections Center Administrator, finding that amendment as to those parties would be futile. Id. Judge Weksler also recommended Plaintiff not be permitted to bring this matter as a class action. Id. Judge Weksler granted Plaintiff leave to file a third amended complaint curing the deficiencies identified in the R&R against Defendant Lieutenant William McDaniel and to amend his Monell claim against Defendant City of North Las Vegas by October 23, 2025. Id.

Objections to the R&R were due by October 7, 2025. Plaintiff timely filed an objection. See ECF No. 155. Plaintiff did not file a third amended complaint by the October 23, 2025 deadline, but was granted an extension of time to file it until 30 days after the Court ruled on his objection to the R&R. See ECF No. 167.

On March 17, 2026, the Court held a hearing on the pending motions and took the matters

under advisement. See ECF No. 225. The Court's Order follows.

### III.    DISCUSSION

#### A.  Motions for Recusal

Plaintiff has filed duplicative Motions to Recuse citing 28 U.S.C. § 455. ECF Nos. 116, 123. The Motions ask the presiding district judge to recuse due to involvement in remand and commitment proceedings in North Las Vegas Municipal Court. However, the undersigned is a United States District Judge for the District of Nevada, a federal court, and was not involved in the underlying state court proceedings in any way. Accordingly, Plaintiff's concerns regarding an appearance of impartiality are inapplicable, and the undersigned declines to recuse. And as discussed below, the Court does not have jurisdiction to order state court judges to recuse or otherwise intervene in state court proceedings.

#### B.  Petition for Writ of Mandamus

Plaintiff has also filed various petitions for writ of mandamus, which ask this Court to interfere in ongoing state court proceedings. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (emphasis added). Traditionally, a writ of mandamus has been "used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Will v. United States, 389 U.S. 90, 95 (1967) (internal quotations omitted).

First, the municipal court and Nevada state courts in general are not inferior courts subject to appellate review by federal district courts. As such, it is well established that "[t]he federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Clark v. State of Wash., 366 F.2d 678, 681 (9th Cir. 1966) (citation omitted). Thus, to the extent Plaintiff "attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law." Demos v. U.S. Dist. Ct. For E. Dist. of Washington, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

Plaintiff also cites 8 U.S.C. § 1361 as providing this Court authority to compel state court

- 4 -

officers to take or refrain from taking certain actions. Section 1361 does not enlarge "the generally recognized scope of mandamus relief." Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir. 1970). Further § 1361 vests mandamus authority in district courts over federal officers, not state officers. Cf. White v. Adm'r of Gen. Servs. Admin. of U. S., 343 F.2d 444 (9th Cir. 1965)

Moreover, as this Court has previously held, see ECF No. 56, the Court declines to intervene in ongoing state court proceedings relating to Plaintiff's criminal conviction. See Younger v. Harris, 401 U.S. 37 (1971).

Accordingly, Plaintiff's petitions for a writ of mandamus are denied and all associated motions are denied as moot. **Any further filings asking this Court to intervene in ongoing state proceedings will be deemed frivolous and may result in sanctions, up to and including dismissal of this case.**

### C. Petition for Writ of Habeas Corpus

Plaintiff has filed multiple Petitions for a Writ of Habeas Corpus and motions seeking to expedite consideration of habeas relief and stay proceedings pending consideration.

Plaintiff commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. See ECF No. 1. Plaintiff cannot pursue both § 1983 and habeas petitions in the same case. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). If Plaintiff seeks to pursue habeas relief, he must file a habeas petition in a separate case. And before he can file a federal habeas petition, he must first seek redress in a state forum, i.e., by exhausting all appellate review of his conviction through the Nevada state court appellate process, up to and including the Nevada Supreme Court. See 28 U.S.C. § 2254(b). See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (noting the importance of the exhaustion requirement in federal habeas based on "the strong policy requiring exhaustion of state remedies . . . .to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors.")

Accordingly, the Court denies Plaintiff's habeas petitions without prejudice and denies all

related motions as moot. **Any further filings seeking habeas relief *in this case* will be deemed frivolous and may result in sanctions, up to and including dismissal of this case.**

### D. Objection to R&R

Plaintiff objected to the R&R to the extent it recommended dismissal without leave to amend as to certain Defendants and denied leave to bring a class action. See ECF No. 155. The Objection also referenced a separate filing by Plaintiff which includes claims and statements of facts that he asserts resolve the deficiencies under Federal Rule of Civil Procedure 8 as identified in the R&R. Id. at 2.  Having reviewed the R&R *de novo*, for the reasons explained below, the Court concurs with Judge Weksler's finding and adopts the R&R in full.

As an initial matter, Plaintiff cannot amend his complaint by reference to a separate pleading or motion. That is because an amended complaint should be complete in itself, as it supersedes any prior pleading, and thus must sufficiently allege each claim and the involvement of each defendant. See Hal Roach Studios, Inc., Co. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989). Consequently, Plaintiff's reference to other filings to cure deficiencies in his SAC is impermissible—he must file a third amended complaint that cures those deficiencies, so that the operative complaint contains all factual allegations and claims against all defendants.

### 1.    Dismissal Under Rules 8, 18, and 20

The Court agrees with the R&R's finding that Plaintiff's SAC violates Rule 8. A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for these reasons). The SAC fails to provide a short, concise, and direct statement of Plaintiff's claims and fails to organize factual allegations supporting each claim against each Defendant. The Court agrees that Plaintiff may cure this deficiency if given an opportunity to amend with specific directions. The Court further agrees that the SAC violates Rules 18 and 20 because it fails to clearly and succinctly articulate how Defendants Rawson Neal Hospital, the Department of Health and Human Services, the Defense Advanced Research Projects Agency, and Southern Nevada Fusion are properly joined, which claims he is bringing against each Defendant, and how each claim is properly joined based on the

same underlying transaction or occurrence.

The Court directs Plaintiff to the following COMPLAINT FOR VIOLATION OF CIVIL RIGHTS form which may assist Plaintiff in organizing each of his claims against each Defendant and the factual allegations underlying them. The Court also informs Plaintiff that any conclusory and implausible allegations in his third amended complaint, such as Plaintiff's allegations that he was subjected to "directed energy harassment" and "psychological operations" "by intelligence-linked entities, acting in coordination with local government actors," see, e.g., ECF No. 137 at 26, will be disregarded as obviously unsubstantiated and frivolous. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).

### 2.    Denial of Leave to Amend as to Certain Defendants

#### a.  Judge Chris Lee

Plaintiff objects to the R&R's recommendation that he be denied leave to amend his claims against Judge Chris Lee because judicial officers have absolute immunity from suits under 28 U.S.C. § 1983 arising from actions which are judicial or closely associated with the judicial process. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (citation and internal quotation marks omitted). A judge lacks immunity for acts taken in the "clear absence of all jurisdiction," meaning subject matter jurisdiction, but "[j]urisdiction should be broadly construed to effectuate the policies supporting immunity." Id. at 1076. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Plaintiff's objection asserts Judge Lee does not have immunity for any act taken after an August 26, 2024 motion to disqualify under NRS 1.235 was filed. See ECF No. 155 at 6. He cites Millen v. Eighth Jud. Dist. ex rel. Cnty. of Clark, 148 P.3d 694 (Nev. 2006) for the proposition that the filing of a motion to disqualify divests a judge of subject matter jurisdiction to act except to rule on the motion. However, Millen concerns the propriety of a state trial court disqualifying a party's counsel due to the judge's relationship to counsel and is inapposite here. See id. Neither

NRS 1.235 nor Millen stand for the proposition that the filing of a motion to disqualify divests the presiding judge of subject matter jurisdiction. Thus, even assuming an August 26, 2024 motion to disqualify under NRS 1.235 was properly filed, Judge Lee continuing to preside while the motion to disqualify was pending was at most erroneous or in excess of his authority—but Judge Lee was not acting in the clear absence of all subject matter jurisdiction. The same is true for Plaintiff's allegations that Judge Lee initiated a psychiatric detainer, issued remand orders, declined to docket filings, and issued a bench warrant without hearing or motion. These acts are judicial acts subject to absolute immunity because they involve normal functions of a state court judge in a criminal case pending before him, over which he has clear subject matter jurisdiction. Having conducted a *de novo* review, the Court thus concurs with the R&R's finding that Plaintiff's claims against Judge Lee are barred under the doctrine of judicial immunity and dismisses him from this case with prejudice.

### b. Erin Tellez and Bianca Cardenas

Plaintiff also objects to the R&R's finding that amendment as to court clerks Erin Tellez and Bianca Cardenas would be futile because they are immune from Plaintiff's claims under the doctrine of quasi-judicial immunity, based on their performance of tasks that "are an integral part of the judicial process." See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). Plaintiff's Objection asserts that Erin Tellez and Bianca Cardenas were not engaged in actions that are judicial in nature when they declined to file Plaintiff's habeas petitions, motions, and notices of appeal. ECF No. 155 at 8. However, in Mullis, the Ninth Circuit held that the failure of court clerks to accept and file pleadings were acts entitled to quasi-judicial immunity "unless these acts were done in the clear absence of all jurisdiction." Mullis, 828 F.2d at 1390. Because court clerks Erin Tellez and Bianca Cardenas were acting within the general subject matter jurisdiction of the state court when they declined to accept Plaintiff's filings in a pending case, they are immune from Plaintiff's claims. Having conducted a *de novo* review, the Court thus concurs with the R&R's finding that Plaintiff's claims against Erin Tellez and Bianca Cardenas are barred under the doctrine of quasi-judicial immunity and dismisses them from this case with prejudice.

### c. Leslie Park, Kenneth Frizzell and Lawrence Philips

Plaintiff objects to the R&R's recommendation that leave to amend be denied as to Leslie Park, Kenneth Frizell, and Lawrence Philips, Plaintiff's court-appointed attorneys in the underlying municipal court proceeding, because public defenders are not state actors in their role representing a criminal defendant in judicial proceedings, and thus cannot be sued under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff cites to Tower v. Glover, 467 U.S. 914, 923 (1984) for the proposition that public defenders are not immune from "alleged conspiratorial action with state officials that deprives their clients of federal rights." But this narrow exception does not apply to Plaintiff's claims.

The SAC alleges Defendant Leslie Park failed to object to Judge Lee's presiding over proceedings despite a pending disqualification motion, failed to assert or preserve Plaintiff's habeas rights during his remand and psychiatric detention, ignored or suppressed his notice to appeal, failed to request a competency hearing, failed to cross-examine and rebut conclusions of the competency evaluator, failed to object to a bench warrant, and failed to respond to Plaintiff's requests that he challenge the findings of incompetency and detention. See ECF No. 137 at ¶¶ 101-104. Likewise, the SAC alleges Defendants Kenneth Frizzell and Lawrence Phillips provided ineffective assistance of counsel. Id. at ¶¶ 134-38; 160-64.

None of these allegations amount to a conspiracy with state officials sufficient to state a claim under § 1983. Plaintiff's Objection asserts his court-appointed lawyers "colluded with the judiciary" but that is a conclusory allegation—there is no allegation of a specific agreement between these defendants and any state actor, judicial or otherwise. Rather, at most the allegations amount to a claim that Defendants Park, Frizzell, and Philips provided deficient representation while acting in the traditional role of a lawyer. Accordingly, because all acts by these Defendants as alleged in the SAC were taken while they were acting under the ethical standards of a lawyer-client relationship, they are not state actors subject to § 1983 liability. See Miranda v. Clark Cnty., Nevada, 319 F.3d 465, 468 (9th Cir. 2003). Having conducted a *de novo* review, the Court thus concurs with the R&R's finding that Plaintiff's claims against Park, Frizzell, and Philips are barred because they are not state actors under § 1983 and dismisses them from this case with prejudice.

**d. Lani Naito, Maggie Hudson, Jonathan Donager, and Nicole Donager**

Plaintiff objects to the R&R's finding that his allegations against private individuals Phillips, Naito, Hudson, and Jonathan and Nicole Donager are barred because they are private individuals, and the SAC contains no non-conclusory allegations that they were "willful participant[s] in joint action with the State or its agents." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 899-900 (9th Cir. 2008). Plaintiff's Objection asserts these individuals filed fabricated records in court, avoided testimony to prevent confrontation, and "may have been used as placeholders for intelligence-led prosecution,[1]" ECF No. 155 at 12, but none of these allegations amount to joint action with state actors sufficient to confer liability under § 1983. The SAC fails to allege any specific agreement between these individuals and state actors to violate Plaintiff's rights, nor specific acts (including time, place, manner) taken in furtherance of that agreement.

Having conducted a *de novo* review the Court thus concurs with the R&R's recommendation that these individuals be dismissed from this action. The Court further dismisses Plaintiff's § 1983 claims against these Defendants with prejudice, because Plaintiff has presented no nonconclusory, plausible allegations against these individuals sufficient to satisfy the under color of state law requirement for § 1983 claims. See DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) ("a bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [private parties] acted 'under color of state law or authority.'") (citing Sykes v. State of Cal. (Dep't of Motor Vehicles), 497 F.2d 197, 202 (9th Cir. 1974)).

**e. North Las Vegas City Attorneys**

The Court agrees with the R&R's recommendation that Plaintiff should not be allowed to amend claims against state prosecutors due to the doctrine of prosecutorial immunity. Plaintiff's Objection asks this Court to overturn the R&R to the extent it recommends dismissal on grounds of prosecutorial immunity but provides no reason why prosecutorial immunity does not apply here.

---

[1] The Court discounts this allegation, and similar allegations in the SAC regarding "intelligence-linked programs" and similar conspiracy theories as obviously unsubstantiated. See Hagans, 415 U.S. at 536-37 (internal quotation marks and citations omitted).

See ECF No. 149 at 14. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their capacities as prosecutors. See Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997); Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993); Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and prosecuting cases). All of Plaintiff's claims against North Las Vegas City Attorneys are based on actions of prosecutors in their official capacity. The Court thus adopts the R&R and dismisses his claims against state prosecutors with prejudice.

### f. North Las Vegas Police Department and North Las Vegas Community Corrections Center Administrators

The R&R also recommends the above-named departments of the City of North Las Vegas be dismissed from this action with prejudice as improperly named. Plaintiff's Objection does not address Federal Rule of Civil Procedure 17(b) and Nevada state law cited in the R&R, which provides that "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." Wayment v. Holmes, 912 P.2d 816, 819 (Nev. 1996). If Plaintiff wishes to sue the above-named departments, which are departments of the municipal government of the City of North Las Vegas, he can do so by bringing those claims against the properly named Defendant: the municipality itself.

### 3. Dismissal with Leave to Amend

### a. City of North Las Vegas and Monell Claim

The R&R accurately sets forth the standard for a Monell claim in the Ninth Circuit. See ECF No. 136 at 8. The R&R also dismissed Plaintiff's Monell claims as conclusory in nature and lacking any factual allegations that would separate them from the "formulaic recitation of a cause of action's elements" deemed insufficient by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (cleaned up). Plaintiff's Objection simply asserts more conclusory statements unsupported by specific factual allegations. ECF No. at 12. The Court concurs with the R&R. The SAC asserts the constitutional violations allegedly committed by North Las Vegas Police Department officers

"were not isolated incidents but reflect widespread customs or policies of the North Las Vegas Police Department." See ECF No. 137 at ¶ 39. But the SAC contains no specific allegations supporting that conclusory allegation. The Court advises Plaintiff to carefully review the three distinct theories recognized in the Ninth Circuit through which a plaintiff may recover under Monell as set forth in the R&R. ECF No. 149 at 8. Plaintiff will have one final opportunity to amend his Monell claims against City of North Las Vegas to address the deficiencies identified in the R&R and this Order.

### b. Defendant Lieutenant William McDaniel

The R&R recommends Plaintiff be given leave to amend his claims that his constitutional rights under the Fourth Amendment were violated by Defendant Lieutenant William McDaniel when he allegedly arrested Plaintiff without a warrant. The Court agrees. Plaintiff will be given one final opportunity to amend his claims to allege *specific facts* (not legal conclusions) which may show that the individual officer's conduct violated Plaintiff's clearly established constitutional rights.

### 4.     Class Action

Plaintiff objects to the R&Rs recommendation that he should not be permitted to pursue his claims on behalf of other unrepresented parties. *Pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "The caveat to this general rule, when statutory authorization exists permitting plaintiff to prosecute an action on behalf of others than himself, is not implicated here." Id. at 644, n. 6. Accordingly, the Court adopts the R&R's recommendation and dismisses Plaintiff's class claims with prejudice.

### E. Repetitive Filings and Possible Sanctions

As Plaintiff was advised when he commenced this action, "[f]iling multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on parties who engage in such litigation tactics." See ECF No. 2. The Court finds Plaintiff has engaged in a tactic of excessive, repetitive filings seeking the same relief, seeking multiple forms of relief in violation of local rules,

and seeking relief from *other courts*, such that there are now over 200 docket entries, while Plaintiff has not yet filed a complaint that properly states a claim for relief. Plaintiff was again warned on November 14, 2025, that if "he continues to file repetitive motions like this, he will be subject to sanctions." ECF No. 207 (citing Local Rule 11-8). This constitutes Plaintiff's **final warning**. Future filings in violation of this Order will result in sanctions, including but not limited to, the dismissal of this case with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 136) is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that the following Defendants are **DISMISSED** from this action with prejudice:

1. Judge Chris Lee
2. Erin Tellez
3. Bianca Cardenas
4. Leslie Park
5. Kenneth Frizzell
6. Lawrence Philips
7. Lani Naito
8. Maggie Hudson
9. Jonathan Donager
10. Nicole Donager
11. North Las Vegas Police Department
12. North Las Vegas City Attorneys
13. North Las Vegas Community Corrections Cetner Administrator

**The Clerk of Court is kindly instructed to update the docket accordingly.**

**IT IS FURTHER ORDERED** that Plaintiff's class action claims are **DISMISSED** with prejudice. Plaintiff will not be permitted to bring this matter as a class action.

**IT IS FURTHER ORDERED** that Plaintiff is granted **limited** leave to amend as described

above. If he chooses to file a third amended complaint, he must do so no later than **April 30, 2026**. Failure to file an amended complaint that follows the instructions in the R&R and this Order by that deadline will lead to dismissal of this case. Plaintiff is directed to the following COMPLAINT FOR VIOLATION OF CIVIL RIGHTS form which may assist him in organizing and succinctly alleging each of his claims, and the factual allegations underlying them, against each defendant.

IT IS FURTHER ORDERED that Plaintiff's Petitions for habeas and mandamus relief are **DENIED**. As discussed above, future filings **in this case** seeking habeas or mandamus relief or asking this Court to intervene in ongoing state court proceedings will be deemed frivolous and may lead to sanctions, including but not limited to dismissal of this case.

IT IS FURTHER ORDERED that the (ECF Nos. 116, 123) Motions to Recuse are **DENIED**.

IT IS FURTHER ORDERED that the (ECF No. 22, 30, 33, 98, 120, 128, 143, 158, 159, 161, 174, 179, 181, 182, 185, and 216) Motions are **DENIED** as moot.

**DATED:** March 29, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 14 -