**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Keith Donald, | Case No. 2:25-cv-00064-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Chris Lee, et al., | |
| Defendants. | |

Before this Court are five motions that stem from pro se Plaintiff's filing of his third amended complaint. ECF Nos. 239, 244, 247, 248, 259, 261. These include Defendants' motion to dismiss (ECF No. 244), Defendant Leslie Park's motion to dismiss and motion to strike (ECF Nos. 247 and 248), Plaintiff's motion to extend time to serve Defendants (ECF No. 259), and Defendants' motion to stay discovery pending ruling on the dispositive motions (ECF No. 261). Because this Court strikes Plaintiff's third amended complaint for failure to comply with court orders, it finds the pending motions to be moot.

## I.    BACKGROUND

This Court previously screened Plaintiff's second amended complaint (ECF No. 137) and dismissed it with limited leave to amend. ECF No. 136. This Court specifically warned Plaintiff that "[f]ailure to follow the instructions above or to file by that date may result in a recommendation that the third amended complaint be dismissed." *Id.* at 10. Judge Boulware adopted that order and report and recommendation in full. ECF No. 226. His order made clear that Defendants Judge Chris Lee, Erin Tellez, Bianca Cardenas, Leslie Park, Kenneth Frizzell, Lawrence Phillips, Lani Naito, Maggie Hudson, Jonathan Donager, Nicole Donager, North Las Vegas Police Department, North Las Vegas City Attorneys, and North Las Vegas Community Corrections Center Administrator were dismissed with prejudice, meaning Plaintiff could not allege claims against them in his third amended complaint. *Id.* He further dismissed Plaintiff's class action claims with prejudice. *Id.* Judge Boulware warned that "[f]ailure to file an amended

complaint that follows the instructions in the R&R and this Order by that deadline will lead to dismissal of this case." *Id.* at 14. Yet, in Plaintiff's third amended complaint, he names every single one of these dismissed defendants and "requests appropriate class-wide declaratory and injunctive relief if one or more classes or subclasses are certified." ECF No. 239.

Consequently, Defendants moved to dismiss and strike the complaint. ECF Nos. 244, 247, 248. Plaintiff then moved to extend the time to serve Defendants. ECF No. 259. Defendants also filed a motion to stay discovery pending ruling on the dispositive motions. ECF No. 261.

## II.    DISCUSSION

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison. Topeka & Santa Fe Ry. V. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)) (internal quotations omitted). "This includes the power to strike improperly filed items from the docket as a sanction for litigation conduct." *Id.* (citing *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008)). In addition, Local Rule IA 11-8 provides that the court may impose any and all appropriate sanctions on an attorney or party who fails to comply with any order of the court.

Here, Plaintiff filed a third amended complaint that violated the Court's orders by naming every defendant that was dismissed with prejudice and seeking class relief that was also dismissed with prejudice. ECF No. 239. Plaintiff did so despite clear warnings that failure to follow instructions may result in dismissal of his case. *See* ECF No. 136 at 10; ECF No. 226 at 14. So, this Court strikes his third amended complaint as it directly violates the Court's orders. Because this Court strikes Plaintiff's third amended complaint, it denies the motions to dismiss and motion to strike as moot. It further denies Plaintiff's motion to extend the time for service as moot given that there is no longer an operative complaint. Finally, it denies the motion to stay discovery as moot because the underlying dispositive motions are no longer pending.

## III.    CONCLUSION

**IT IS ORDERED** that Plaintiff's third amended complaint (ECF No. 239) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the motions to dismiss (ECF Nos. 244 and 247), motion to strike (ECF No. 248), motion to extend time to serve (ECF No. 259), and motion to stay discovery (ECF No. 261) are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff will have **one last chance** to file a fourth amended complaint that complies with Judge Boulware's order at ECF No. 226. The fourth amended complaint must be filed no later than **July 8, 2026**. The fact that Plaintiff has filed a motion to reconsider the order at ECF No. 226, which is pending, does not relieve Plaintiff of his obligation to timely file the fourth amended complaint. If Plaintiff's fourth amended complaint fails to comply with the Court's orders, then it *will* recommend dismissal of the case. *See* Local Rule IA 11-8.

DATED: June 9, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE